Ms. Ruby E. Dean c/o Kay Barnhill Terry, State Personnel Administrator Office of Personnel Management Department of Finance and Administration
1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Dean:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). Your request is based on A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Someone has made an FOIA request for "a list of the 500-plus state employees who retired and then returned to the state payroll[,] with salaries and job titles and retirement dates and re-employment dates." The Office of Personal Management plans to release this list. But you object because you "feel that the Arkansas Democrat Gazette has published enough personal information" about your salary and you consider it "unfair" for "Church members, Pastors, and family members to comment on how much [you] make."
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Not having seen the "list" that OPM plans to release, I cannot opine about whether that list actually does contain only the information that may be released pursuant to the FOIA. I can, however, address the more general question whether the kinds of information that have been requested are subject to *Page 2 
release under the FOIA. As explained below, each category of requested information is generally subject to release under the FOIA. Further, your objections do not offer any reasons that the FOIA recognizes as sufficient to withhold your records from disclosure. Therefore, in my opinion, the custodian's decision is consistent with the FOIA.
DISCUSSION
I. General standards governing disclosure.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the list that has been requested appears to be held by the Office of Personal Management, is a public entity. As for the second element, the FOIA defines "public record" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
Each item on the requested list reflects the performance of the official functions of both the OPM (as the keeper of these records) and the employee (about whom the records are kept).
Therefore, in my opinion, these documents are public records and must be disclosed unless some specific exception provides otherwise. *Page 3 
II. Exceptions to disclosure.
a. General rules and definitions
The most relevant exception here is the one for "personnel records"[2] When custodians assess whether a public record is eligible for the personnel-records exception, they must make two determinations. First, they must determine whether the record meets the definition of either exception. Second, assuming the record does meet one of the definitions, the custodian must apply that exception's test for disclosure to determine whether the FOIA requires that record be disclosed.
So what is the definition of a "personnel record"? While the FOIA does not define the term, this office has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants.[3] Whether a particular record meets this definition is, of course, a question of fact that can only be definitively determined by reviewing the record itself.
If a document meets the definition of a "personnel record" then it must be disclosed in response to an FOIA request unless doing so "would constitute a clearly unwarranted invasion of personal privacy."[4]
While the FOIA does not define the phrase "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court, inYoung v. Rice, [5] has provided some guidance. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test that weighs the public's interest in accessing the records against the *Page 4 
individual's interest in keeping the records private. The balancing takes place with a thumb on the scale favoring disclosure.
To aid in conducting the balancing test, Young v. Rice developed a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than deminimus privacy interest.[6] If the privacy interest is merelyde minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.[7] The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.[8]
In addition to the substance rules explained above, there are a few procedural rules governing the foregoing. First, because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests.[9] Second, whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact.[10]
b. Application of general rules and definitions
We can now apply the foregoing rules governing exceptions to each of the requested items: "a list of the 500-plus state employees who retired and then returned to the state payroll[,]with salaries and job titles and retirement dates and re-employment dates."
 • Salaries. Documents that reflect the salary of a public employee are considered "personnel records." Thus, they must be disclosed in response to *Page 5 
an FOIA request unless doing so constitutes a clearly unwarranted invasion of personal privacy, which it does not. (E.g., Op. Att'y Gen. 2011-045.) Therefore, the custodian's decision to disclose this item is consistent with the FOIA.
 • Job titles. Custodians must disclose the job titles of public employees in response to an FOIA request. (E.g., Op. Att'y Gen. 2011-045.) Therefore, the custodian's decision to disclose this item is consistent with the FOIA.
 • Retirement dates/Re-employment dates.
Records reflecting the dates on which public employees begin and end public employment are generally subject to release under the FOIA as personnel records.[11] Apart from what is discussed in footnote eleven, there is nothing unique about a "retirement date" (which is one way to end employment) or a "re-employment date" (which is another way to begin employment) that requires a different result. Therefore, the custodian's decision to disclose this item is consistent with the FOIA.
In sum, the custodian's decision to disclose this list is consistent with the FOIA. Even though you object, none of the reasons you give are recognized by the FOIA as sufficient reasons to withhold your information from disclosure.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] A.C.A. § 25-19-105(b)(12): This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter. . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[3] See, e.g., Op. Att'y Gen. No. 1999-147; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (Arkansas Law Press, 5th ed., 2009), at 187.
[4] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[5] Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
[6] Id. at 598, 826 S.W.2d at 255.
[7] Id., 826 S.W.2d at 255.
[8] E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[9] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998).
[10] Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 98-001.
[11] See, e.g., Op. Att'y Gen. 2010-131. For purposes of this opinion, I assume that the requested records are not "individual member records" covered by A.C.A. § 24-4-1003. See Op. Att'y Gen. 2009-157.
 *Page 1